REQUESTED BY: Robert G. Simmons, Jr., Banner County Attorney.
If action is taken under Neb.Rev.Stat. § 68-1008, Assistance to the Aged, Blind, or Disabled by the County Welfare Board, does the action have to take place in an open meeting and appear in the minutes?
Is it proper for a County Board which meets the first and third Monday of each month to approve the minutes of the first meeting two weeks later on the third Monday if the minutes of the first meeting have been already published on the Thursday following the first meeting?
No. The action can be taken in a closed session and not appear in the minutes.
Yes.
In regard to your first question we refer you to Opinion No. 244 of March 4, 1980, in which this office addressed the question as to whether County Welfare Board Meetings have to be open to the general public. The opinion stated that such meetings are to be open to the public, but that a County Welfare Board may vote in an open session to close the meeting to the public if such an action is necessary under Neb.Rev.Stat. § 84-1410 (Reissue 1976). Section84-1410 states that any public body may hold a closed session by the affirmative vote of a majority of its voting members if a closed session is clearly necessary for the protection of the public interest or for the prevention of the needless injury to the reputation of an individual.
We can visualize that a hearing which led to the rejection of an application AABD could contain information which could cause injury to an individual. Therefore, if the board voted in an open session to close the meeting to prevent such harm, publication of the minutes of the closed session would defeat the purpose of § 84-1410 and nullify the intentions of the board. Further, confidentiality of information regarding applicants for or recipients of medical assistance is provided for in Neb.Rev.Stat. § 68-1025 where it states that such information shall be safeguarded and may be used only for purposes connected with the administration of such medical assistance. Additional safeguards on information concerning medical assistance are provided for in the Nebraska Department of Public Welfare State Plan and Manual, Chapter VIII, sections 8100 and 8110.
In regard to your second question, Neb.Rev.Stat. 23-122
requires the County Boards in counties under two hundred thousand population to publish within ten days after the close of each annual, regular, or special meeting a brief statement of the proceedings. Section 23-153 states that the county board shall meet and hold sessions for the transaction of county business on the second Tuesday in January and at such other times as the board deems necessary.
The purpose of the publication of the minutes of such a meeting is to keep the public informed. Section 84-1413 requires that each public body shall keep minutes of all meetings, that the minutes shall be open to public inspection, and that the minutes shall be available for inspection within ten working days, or prior to the next convened meeting, whichever occurs earlier. We find nothing in the statutes requiring approval prior to publication. The publication of the proceedings within ten days as required by section 23-122 is essential to the public interest. Where the board meets every other week approval of the minutes at the following meeting is reasonable and practical. To delay the approval of the minutes for two weeks would be to delay publication and thus delay the prompt dissemination of information. Should there be a disapproval or correction of the minutes which have already been published, that fact would be published on the Thursday following the Tuesday meeting where the disapproval was noted. Any other interpretation would require a special meeting for the sole purpose of approving the minutes or having the minutes written up and approved following each meeting. We feel the approval of the published minutes of the previous meeting fulfills the requirements of the statute.
Very truly yours, PAUL L. DOUGLAS Attorney General Royce N. Harper Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General